[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PETITION OF APPEAL OF FAMILY SUPPORT MAGISTRATE CT Page 378
Pursuant to Connecticut General Statutes 46b-231(N), the plaintiff has petitioned the court for judicial review by way of appeal as a person aggrieved by a decision of a family support magistrate on the following grounds:
1. The magistrate's decision violates statutory provisions of P.A. 89-203 as amended, in that compliance with said order by payment of a purge amount of $700.00 and payment of $50.00 per week child support would leave the plaintiff with less than the minimum $135.00 per week self support reserve as established by the Mandatory Child Support Guidelines.
2. The magistrate's order was clearly erroneous view of the reliable probative and substantial evidence on the whole record in that the obligator's psychiatrist, Dr. Neil Liebowitz, Director, Mood Disorder Program, University of Connecticut School of Medicine, testified as to his mental illness, the permanent nature of the illness and the cost thereof, especially the cost of his daily medication and the effect his condition has on his ability to work.
3. The magistrate's order was arbitrary or capricious or characterized by an abuse of discretion or clearly an unwarranted exercise of discretion in view of the testimony of appellant's psychiatrist and lack of appellant's ability to comply with the court order.
4. The magistrate's finding of an arrearage of $13,430.00 was arbitrary and/or capricious or characterized by an abuse of discretion or clearly an unwarranted exercise of discretion by failing to give credit as to payments made by the appellant and because of the lack of certainty as to the March 31, 1986 order which was unsigned by the court.
Section 46b-231(N)(6) provides that:
 "The appeal shall be conducted by the Superior Court without a jury and shall be confined to the record and such additional CT Page 379 evidence as the Superior Court has permitted to be introduced. The Superior Court, upon request, shall hear oral argument and receive written briefs."
An examination of this very long, extensive case reveals that on April 18, 1984, a judgment of dissolution was granted. By the terms of the judgment joint custody of the two minor children was awarded to the parties with the plaintiff, John J. Durbis, having physical custody of the son, Robert, and the defendant, Marie Durbis, having custody of the minor daughter, Lisa. The judgment also provided that commencing July 1, 1984, the plaintiff shall pay the defendant the sum of $50.00 each week as support for the minor child, Lisa.
Although the court file fails to indicate the subsequent modification, the defendant's brief dated January 15, 1993 states: "However, the official transcript reveals that the plaintiff was granted a modification of child support and denied a motion for modification of alimony. The modification of support was based upon the grounds that the plaintiff, John J. Durbis, was physically disabled because of back surgery and was out of work. Contrary to prior court orders concerning support, the plaintiff was granted a reduction from $50.00 to $10.00. . . ."
Various motions for contempt were subsequently filed and on June 4, 1992 the parties appeared and evidence was heard on all motions. The court and the parties did not have the benefit of the official transcript of the March 31, 1986 modification hearing and the court relied upon the court file which indicated a current order of $50.00 per week child support and the plaintiff, John J. Durbis, was incarcerated.
On July 16, 1992, the magistrate vacated the order of incarceration but refused to vacate the order of contempt on the arrearage and continued the matter. The magistrate stated at this hearing as follows: "Well, there has to be an order. That's what has to be done. It seems to me the order of fifty dollars a week going back to 1986 should have been ten dollars a week." (Transcript of Hearing before Magistrate Ronald M. Sullivan, July 16, 1992, page 18.)
At a subsequent hearing on August 13, 1992 before CT Page 380 Magistrate Ronald Sullivan the following colloquy took place:
 "The Court: There's no facts in front of me. I want to see the income tax returns. I didn't tell you to get the income tax return, read them and then tell me what they say.
Mr. Monterosso: Is that what your honor wants?
 The Court: Oh man! You're really punishing me. Did you show them to counselor?
Mr. Monterosso: No.
Mr. Mangan: Do you have copies?
 Mr. Monterosso: No, these were just handed to me today. I'm lucky to get those. If I might add you honor. There's nothing in there that shows that the defendant didn't already know. . . . .
 The Court: You know, I don't understand if you don't understand me or understand English. I'm rather tempted to hold you in contempt of court for the conduct you're displaying to this court, you, yeah, you; don't look around, you're giving me a real pain in the backside. You read this yourself! What does it say? It says I want Mr. Durbis to bring those tax returns back! And you're playing Mr. Dumbhead over here." (Transcript, Hearing before Magistrate Ronald Sullivan, August 13, 1992, p. 4.).
The magistrate has still failed to vacate his finding on the arrearage in spite of the above undisputed facts.
Based upon the above excerpts from the court record and transcript, this court sustains the claim that the magistrate's finding of an arrearage is arbitrary, capricious and is an abuse of discretion by failing to give credit for all payments made by the plaintiff.
The court reverses the decision of the magistrate, erases the finding of contempt and orders that support payments of $10.00 per week shall be continued by the plaintiff CT Page 381 to the defendant until further modification.
HARRY N. JACKAWAY JUDGE, SUPERIOR COURT